FILED
2005 JUN 23 P 5: 21
U.S. DISTRICT COURT
BRIDGEPORT, CONN

United States District Court
District of Connecticut

Willie Harris                         : Prisoner
       vs.                            : No: 3:02-CV-1580 (JBA)(JGM)
Lt. R. Meulemans, Et.AL.              : June 14th 2005
Respondents Fed. Civ. Rights Action   : Oral Argument Requested
                                      : Testimony Required

## Response By Plaintiff To Defendants' motion to Dimiss

The undersigned plaintiff strongly objects to the defendants' motion to dismiss, pursuant to applicable Federal Rules of Civil Procedure. Specifically the plaintiff gives the following reasons for this instant motion:

.1  He denies and objects to the lack of Liberty interest and other constitutional issues as claimed by the defendants.

2. He denies and objects to the use of "lost", "taken" or "forfeited" good-time as being used by the defendants' in this context. Such terms are being incorrectly applied in this instant case. Constitutional violations routinely deny prisoners the opportunity to continue to amass their statutory, program and work credits

toward an eventual early release because of Due Process violations at the Panel of Disciplinary Proceedings.

3. He denies and objects to the bias and prejudice that the use of such terms imply. Which for outweigh any probative value in this instant case. Making him look "guilty" in the eyes of this Honorable Court for a trumped up" "disciplinary in-fraction."

4. He strongly denies and objects to the use and terminology put forth by the counsel for the defendants in this case relating to the unearned good time, statutory time, program credits and seven (7) day credits that the plaintiff was denied. Denied an opportunity to earn, for a total of thirty-one (31) months. Following an incorrect, illegal, unlawful and unconstitutional disciplinary hearing.

## Memorandum of Facts:

The flawed disciplinary proceeding in this case is the seed that created the entire predicament. The Supreme Court has held that due process safeguards must be observed in prison disciplinary proceedings. Even if the Liberty Interest issue is not determined to be the crux of the claim —

Reese Vs. Sparks, 760 F.2d 64, 67 (3rd Cir. 1985)

Mujahid Vs. Apao, 795 F. Supp. 1020, 1025 (D. Haw 1990).

As he was clearly the victim in this case (plaintiff was stabbed 3x's, verified by medical documentation, eye witnesses and surveillance cameras), A more extensive investigation should have been conducted with witnesses and staff called before the panel. None were. See:

Vasquez Vs. Coughlin, 726 F. Supp 469-470

Young Vs. State, 584 So. 2nd 553 (Ala. Cr. App 1991)

In this case the disciplinary infraction was issued 20 days after the incident. The Rules require only 24 hrs. "after knowledge of the infraction is known." Then, the hearing itself wasn't held until approximately six (6) weeks after the incident.

the Due Process violation Is! The Supreme Court held in Wolff vs. McDonnel, 418 US 539, 556-59, 94 S. Ct. 2963 (1974): ... the prisoners were denied statutory "good time", a state-created liberty interest. Due process requirements also applied to seg. time. Disciplinary rules, since Wolff, have been determined by the courts to create, in themselves, a liberty interest protected by due process.

... In Wolff the Court held that due process entitles prisoners facing denial of statutory good time (in the instant case part of it was twenty-two (22) months of deadtime on Security Risk Group Status) with an additional safeguard against improper, unlawful or unconstitutional "Kangaroo court" proceedings before the disciplinary panel.

During disciplinary proceedings mandatory procedural regulations must be followed... thus, safeguards in this instant case broke down creating a liberty interest issue because due process was flawed and/or ignored, in contravention to Rules, policies, procedures and state statues. Resulting in constitutional violations of the plaintiff Rights. See:

Todaro vs. Bowman, 872 F2d 43, 48-49 (3rd Cir. 1989

The rules require a hearing within seven (7) days of the issuance of the ticket. Extensions must be obtained in writing from appropriate prison officials. At most only two (2) seven (7) day extentions can be granted. For a total of twenty-one (21) days of maximum delay then the hearing must be held. In this instant case none of those rules, policies and procedures were followed.

The disciplinary infraction itself was written and co-signed by the same person — Capt. Peters of Cheshire Corr. Inst. this, too, is a violation of procedures; because an uninvolved, unbiased, unrelated party to the incident, itself, is supposed to review the document and sign-off on same. See:

U.S. v. Caceres, 440 U.S. 741, 752-53, 99 S. Ct. 1465 (1979)

Russel v. Couglin, 774 F. Supp. 189, 197 (S.D.N.Y. 1991)

Pitts. v. Kee, 511 F. Supp. 497, 501, 02 (D. Del 1981)

In Re Davis 25 Cal 3d. 384, 158 Cal. Rptr. 348 599 P2d 690 (1979)

Majid vs. Henderson 533 F. Supp 1257, 1271-73 (N.D.N.Y.)

Brown vs. Frey 889 F.2d 159, 166 (8th Cir. 1989)

Brite vs. Sullivan, 141 A.D. 2d. 819, 530 NYS.2d. 28 (NY AD 1988)

Hodges vs. Scully 141 A.D. 2d 729, 529 NYS. 2d 832 (NY AD 1988)

Finally, a favorable decision at the disciplinary hearing in question would indeed have had an effect on the plaintiff's release dates (Maximum and Minimum dates), Level 2 eligibility, half-way house eligibility, community and work release eligibility as well as his parole eligibility.

None of which have happened, yet. Therefore, the Liberty Interest issue is a direct result of the original, incorrect and blatantly flawed disciplinary hearing. It was conducted without adherence to the rules and procedures and directives set forth within D.O.C. policy. So Due Process is one of the primary matters in this case and the violation of these rights started the ball rolling down the hill to pick off other constitutional rights and privileges that have been rent assunder in this instant case.

Conclusion

For the reasons set forth above, the plaintiff respectfully urges that the defendants motion to dismiss be denied.

Respectfully Submitted
Willie Harris
Willie Harris #162841
Osborn Corr. Inst.
100 Bilton Rd. P.O. Box 100
Somers, CT. 06071

## Certification

I hereby certify that a copy of the foregoing was sent by first-class mail, this __14th__ day of June 2005 to:

Neil Parille
Assistant Atty. General
Fed. Bar No. ct 15278
110 Sherman St.
Hartford, CT. 06105

*Willie Harris*
Willie Harris #162841